UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



DORIAN FACEN,

    Petitioner,

-v-

ANTHONY ANNUCCI,

    Respondent.

18-CV-1093V
ORDER

## INTRODUCTION

The *pro se* petitioner, Dorian Facen ("Facen" or "petitioner"), filed a petition seeking relief under 28 U.S.C. § 2254. Docket Item 1. This Court previously advised Facen that he was required to exhaust his state court remedies by presenting his claims to New York State's highest court before he could bring them to this Court and that his petition also appeared to be untimely. Docket Item 3.

In response to this Court's order notifying Facen about timeliness and unexhausted claims, Facen submitted a section 2254 timeliness response, Docket Item 4, and an unexhausted claims response, Docket Item 5. Facen explained that his petition was based on the results of a sentence calculation that he had challenged in a N.Y. C.P.L.R. Article 78 ("Article 78") proceeding filed in 2015. Docket Item 4. The Article 78 application was denied by the Albany County Supreme Court, and Facen's appeal of that denial was dismissed by the New York State Supreme Court, Appellate Division, Third Department ("Third Department"), on November 30, 2017. *Id.* Facen argues that his unexhausted state court remedies are barred from further review and that his petition was timely. Docket Item 5.

1

## DISCUSSION

I. **Timeliness**

According to 28 U.S.C. § 2244(d)(1), a one-year period of limitations applies to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a state court. The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the [United States] Supreme court, if the right has been newly recognized by the Supreme court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Facen's petition appears to be barred under section 2244(d)(1) because it was filed on October 5, 2018, more than one year after his judgment of conviction became final in 2015. In response, Facen asserts that the statute of limitations period began when the appeal of his Article 78 petition was dismissed by the Third Department on November 30, 2017. Docket Item 4 at 2. Because the instant petition is based on the sentence calculation challenged in his Article 78 proceeding, Facen contends that it was properly filed within a year of the Third Department's dismissal.

The Court concludes that even assuming that the instant petition was timely filed, Facen still has failed to show that his claims are exhausted.

## II. **Exhaustion**

28 U.S.C. § 2254(b)(1)(A) requires a petitioner seeking habeas corpus relief to exhaust his state court remedies with respect to each of the grounds raised in the petition. The information submitted by Facen does not indicate that he has met this requirement. In order to properly exhaust state court remedies, a petitioner must fairly present his claim to the state's highest court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 839-40 (1999). The doctrine of exhaustion applies to cases such as this, where the petitioner filed an administrative appeal and sought relief in state court pursuant to Article 78. *See Scales v. New York State Div. of Parole*, 396 F. Supp. 2d 423, 428 (S.D.N.Y. 2005) (applying the exhaustion requirement to an Article 78 proceeding challenging a parole revocation). "If the Article 78 petition is denied, the petitioner must appeal that denial to the 'highest state court capable of reviewing it.'" *Id.* (quoting *Cotto v. Herbert*, 331 F.3d 217, 237 (2d Cir. 2003)).

In this case, there is no indication that, upon receiving the adverse ruling from the Third Department, Facen sought leave to appeal to the Court of Appeals. Docket Items 1 and 5. N.Y. C.P.L.R. § 5602(a) provides that "[a]n appeal may be taken to the court of appeals by permission of the appellate division granted before application to the court of appeals, or by permission of the court of appeals upon refusal by the appellate division or upon direct application." The New York Court of Appeals has jurisdiction to review dismissals of Article 78 proceedings by the appellate division. *See Carter v. Zon*, 2004 WL 2202573, at *1 (W.D.N.Y. Sept. 30, 2004) (citing N.Y. Const. art. 6, § 3). "Before attempting to obtain habeas corpus review under 28 U.S.C. § 2254, a petitioner must

3

exhaust *all* available state remedies[, which] includes completing all appeals through the highest state court." *Id.*

Facen has informed the Court that his claims are unexhausted and that he is procedurally barred from exhausting such claims in state court. Docket Item 5. But in his unexhausted claims response, Facen does not tell this Court why he failed to exhaust any claim when it could have been raised and the prejudice sustained with respect to each claim. Facen was explicitly cautioned that if the cause and prejudice asserted in his response were "**not** found legally sufficient, the Court will dismiss the petition and all the grounds therein with prejudice," which would foreclose him from raising the grounds in a second or successive petition. Docket Item 3 at 6 (emphasis in original). Consequently, because Facen has failed to assert any cause or prejudice, the petition is dismissed as unexhausted.

Facen's claims also appear to be moot because he has been released to parole. "Habeas petitioners no longer in custody must demonstrate the existence of a 'concrete and continuing injury' or some 'collateral consequence of the conviction' in order for a petition to be granted." *Reid v. Superintendent, Altona Corr. Facility*, 2010 WL 4962990, at *2 (N.D.N.Y. Dec. 1, 2010) (quoting *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (finding that once a sentence is complete, a habeas petitioner challenging a parole revocation must demonstrate collateral consequences to avoid dismissal on mootness grounds)); *see also In re Flanagan*, 503 F.3d 171, 178 (2d Cir. 2007) ("[I]n order for there to be a valid exercise of subject matter jurisdiction, a federal court must have before it an actual controversy at all stages of review, not simply at the time it is filed.").

Where, as here, the petitioner does not challenge his underlying conviction, there is no presumption of collateral consequences. *See Spencer*, 523 U.S. at 7-8; *Butti v. Fischer*, 385 F. Supp. 2d 183, 185 (W.D.N.Y. 2005) ("[P]revailing case law holds that no such presumption applies in challenges to proceedings other than the underlying criminal convictions."). "The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed." *Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983).

A review of the New York State Department of Corrections and Community Supervision ("DOCCS") Inmate Information database shows that Facen was conditionally released to parole on May 3, 2017, and that the maximum expiration date for his sentence was September 14, 2017. *See* NYDOCCS Inmate Locator Website, available at http://nysdocslookup.docs.state.ny.gov (last visited March 6, 2020). Because he apparently has been released to parole, Facen's petition, challenging only the calculation of his sentence by DOCCS and not raising any continuing injury or collateral consequence, appears to be moot.

In sum, "the existence of a concrete and continuing injury resulting from . . . an allegedly incorrect calculation of [Facen's] sentence" is a prerequisite to Facen's petition. *Reid*, 2010 WL 4962990 at *2 (holding that the petitioner's claim that the DOCCS "improperly calculated his sentence is moot because he has been released to parole") (citing *Robinson v. Connell*, 2008 WL 907318, at *2 (N.D.N.Y. Mar. 31, 2008) (holding that a petitioner who had been released to parole "failed to demonstrate a continuing concrete injury as the result of the alleged miscalculation of his release dates that might have been remediable by writ") (collecting cases))). Because Facen has

5

been released, the relief he sought—an earlier release—is no longer available. And where "the relief sought in the [p]etition is no longer needed or available," the petition shall be dismissed as moot. *Champion v. Connell*, 2009 WL 290451, at *2 (N.D.N.Y. Feb. 4, 2009) (finding that a petition challenging parole denial was rendered moot by the petitioner's release to parole).

Both because Facen's claims are unexhausted and because his claims are moot, the petition is dismissed.

## CONCLUSION

For the reasons stated above, the petition for a writ of habeas corpus is DISMISSED, and the Clerk of Court shall close the case.

SO ORDERED.

LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE

DATED: March 11, 2020
Buffalo, NY